United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN F. PASILIAO, et al.,<br>　　Plaintiffs,<br>　　v.<br>LIBERTY MUTUAL INSURANCE COMPANY, et al.,<br>　　Defendants. | Case No. 19-cv-01079-PJH<br><br>**ORDER REMANDING ACTION**<br>Re: Dkt. No. 24 |

Plaintiffs Glenn Pasiliao ("Pasiliao"), Josselin Pasiliao, and Security National Insurance Company's ("SNIC") motion to remand came on for hearing before this court on May 8, 2019. The Pasiliao plaintiffs appeared through their counsel, Whitney Davis. Plaintiff SNIC appeared through its counsel, Stephen Cole. Defendants Liberty Mutual Insurance Company ("Liberty") and Ohio Casualty Insurance Company ("Ohio Casualty") appeared through their counsel, Jennifer Hoffman. Having read the papers filed by the parties and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS plaintiffs' motion to remand, for the following reasons.

**BACKGROUND**

On January 11, 2019, plaintiffs filed suit in the Superior Court of California, County of San Francisco, against Liberty, Ohio Casualty, and JLIS, Inc. ("JLIS"). Compl., Dkt. 1-1. Plaintiffs filed on behalf of themselves and as assignees of Oak Trucking LLC ("Oak") and the owner of Oak, Gary Lui. The first five causes of action are alleged against Liberty and Ohio Casualty for (1) breach of contract, (2) breach of the implied

covenant of good faith and fair dealing; (3) fraud/concealment; (4) negligent misrepresentation; and (5) California Insurance Code § 11580.  The sixth cause of action, (6) conspiracy, is asserted against Liberty, Ohio Casualty, and JLIS.  The conspiracy claim incorporates all preceding allegations and further alleges that JLIS conspired with and materially assisted Liberty and Ohio Casualty in carrying out a scheme to defraud, misrepresent coverage, and engage in bad faith toward Oak and Lui.  Id. ¶¶ 44–57, 65–68.

The parties' citizenships are not disputed.  The Pasiliaos are citizens of California.  Id. ¶ 2.  SNIC is a citizen of Texas.  Id. ¶ 3.  Liberty is a citizen of Massachusetts.  Id. ¶ 4.  Ohio Casualty is a citizen of New Hampshire and Massachusetts.  Id.  JLIS is a citizen of California.  Id. ¶ 5.

This action is the latest development in a dispute with an involved procedural history.  In short, Pasiliao was injured on the job and compensated by or promised compensation from some entities.  Now, various insurance entities dispute who is ultimately responsible for payment.

In 2014, MDI, Inc. hired Oak to haul logs from its yard to the Port of Oakland.  Oak then hired Narayan Trucking ("Narayan") as a contractor to haul logs on intermodal trailer/container combinations.  On January 15, 2015, Pasiliao, a truck driver for Narayan, was injured by a falling log at a container truck loading facility.  He received a 94% workers' compensation permanent disability rating.  Id. ¶ 12.  The benefits paid or to be paid totaled $1,898,2018 with interest.  Id.  Economic harm totaled $3,662,366 with interest.  Id.  SNIC is the workers' compensation insurer for Narayan.  Id. ¶ 3.

Prior to the incident giving rise to this litigation, Oak had hired defendant JLIS to procure the appropriate insurance for Oak.  Id. ¶ 10.  JLIS procured a policy issued by Liberty/Ohio Casualty.  Id.  On January 14, 2016, Pasiliao mailed a policy limit demand to Oak and Liberty.  Liberty responded denying coverage.  Id. ¶ 13.

In January 2017, Pasiliao and SNIC filed suit separately against Oak and others.  Id. ¶ 14.  Their claims against Oak were subsequently arbitrated, which resulted in

awards for the Pasiliaos and SNIC. Id. ¶¶ 19–20. The Superior Court entered judgment on October 31, 2018, which became final on December 31, 2018. Id. Oak assigned all rights it had against Liberty, Ohio Casualty, and JLIS to Pasiliao and SNIC. Id. ¶ 23.

On March 3, 2018, Oak filed suit in San Francisco Superior Court against JLIS for broker negligence in procuring Oak's insurance policies. That matter remains pending.

On January 11, 2019, plaintiffs filed their complaint in this action. See Compl.

## DISCUSSION

### A. Legal Standard

Removal jurisdiction is based entirely on federal statutory authority. See 28 U.S.C. §§ 1441–55. A defendant may remove "any civil action brought in a State court of which the district courts . . . have original jurisdiction[.]" 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1332(a)(1), federal courts have original jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). "Diversity removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant." Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 548 (9th Cir. 2018).

If a defendant has improperly removed a case over which the federal court lacks diversity jurisdiction, the federal court must remand the case to state court. See 28 U.S.C. § 1447(c).

In determining whether there is complete diversity, district courts disregard the citizenship of a non-diverse defendant who has been fraudulently joined. Grancare, 889 F.3d at 548. Such fraudulently-joined defendants who destroy diversity do not defeat removal. McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

The Ninth Circuit has recently clarified the requirements for a defendant to establish fraudulent joinder:

> There are two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse

3

party in state court." Hunter v. Philip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009) (quoting Smallwood v. Illinois Cent. RR. Co., 385 F.3d 568, 573 (5th Cir. 2004)). Fraudulent joinder is established the second way if a defendant shows that an "individual[ ] joined in the action cannot be liable on any theory." Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998). But "if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Hunter, 582 F.3d at 1046 (quoting Tillman v. R.J. Reynolds Tobacco, 340 F.3d 1277, 1279 (11th Cir. 2003) (per curiam)) (emphasis added). A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a "heavy burden" since there is a "general presumption against [finding] fraudulent joinder." Id. (citations omitted).

Grancare, 889 F.3d at 548.

"[A] federal court must find that a defendant was properly joined and remand the case to state court if there is a '*possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants.'" Id. at 549 (quoting Hunter, 582 F.3d at 1046) (defendant must "demonstrate[] that there is no possibility that Plaintiffs could prevail"). As such, "the test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent. A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined." Id. ("A standard that equates fraudulent joinder with Rule 12(b)(6) conflates a jurisdictional inquiry with an adjudication on the merits."). Any "deficiencies in the complaint" that "go to the sufficiency of the complaint, rather than to the possible viability of the [plaintiffs'] claims"—for example that plaintiffs "did not plead their claims with sufficient particularity" or "sufficiently allege" a claim—"do not establish fraudulent joinder." Id. at 552.

"The relative stringency of the [fraudulent joinder] standard accords with the presumption against removal jurisdiction, under which we 'strictly construe the removal statute,' and reject federal jurisdiction 'if there is any doubt as to the right of removal in the first instance.'" Id. at 549–50 (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)); accord Moore–Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) ("The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand."). "The presumption against removal

4

means that 'the defendant always has the burden of establishing that removal is proper.'" Moore–Thomas, 553 F.3d at 1244 (quoting Gaus, 980 F.2d at 566); see also Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 403-04 (9th Cir. 1996).

Reflecting the heavy burden of showing fraudulent joinder, the Ninth Circuit has "upheld rulings of fraudulent joinder where a defendant demonstrates that a plaintiff is barred by the statute of limitations from bringing claims against that defendant," where a "defendant's conduct was privileged under state law," and where a "plaintiff's claims against [an] alleged sham defendant were all predicated on a contract to which the defendant was not a party[.]" Grancare, 889 F.3d at 548.

"[T]he party seeking removal is entitled to present additional facts that demonstrate that a defendant has been fraudulently joined" outside of the complaint. Id. at 549. However, "in many cases, the complaint will be the most helpful guide in determining whether a defendant has been fraudulently joined." Id.

**B. Analysis**

Defendants argue that there is no possibility that a state court would find that the complaint states a cause of action against JLIS because (1) the statute of limitations bars plaintiffs' claims against JLIS, and (2) the rule against claim–splitting prevents plaintiffs from amending their complaint to state additional causes of action against JLIS.

**1. Statute of Limitations**

The complaint alleges a cause of action for conspiracy against Liberty, Ohio Casualty, and JLIS. The conspiracy claim incorporates all preceding allegations in the complaint, including those underlying the fraud cause of action. It further alleges that JLIS conspired with and materially assisted Liberty and Ohio Casualty in carrying out their scheme to defraud Oak and Lui.

The parties dispute whether plaintiffs' conspiracy to commit fraud claim against JLIS is time-barred. Specifically, the parties dispute whether the claim is governed by a two-year or three-year statute of limitations. The statute of limitations for a fraud claim, and a civil conspiracy based on fraud, is three years, which accrues upon the discovery

5

1 of the facts constituting the fraud. Cal. Civ. Proc. Code § 338 ("The cause of action in
2 that case is not deemed to have accrued until the discovery, by the aggrieved party, of
3 the facts constituting the fraud or mistake."); Wyatt v. Union Mortg. Co., 24 Cal. 3d 773,
4 792 (1979) ("The applicable statute of limitations for a civil conspiracy is that for the
5 underlying tort.").

However, "[t]o determine the statute of limitations which applies to a cause of action it is necessary to identify the nature of the cause of action, i.e., the 'gravamen' of the cause of action. The nature of the right sued upon and not the form of action nor the relief demanded determines the applicability of the statute of limitations under [the California] code." Hydro-Mill Co. v. Hayward, Tilton & Rolapp Ins. Assocs., Inc., 115 Cal. App. 4th 1145, 1153 (2004) (internal quotation marks omitted) (evaluating the "gravamen" of four asserted causes of action independently); Ventura Cty. Nat. Bank v. Macker, 49 Cal. App. 4th 1528, 1530 (1996) ("[c]ourts consider 'the nature of the right sued upon, not the form of action or the relief demanded' to determine the applicable statute of limitations"). For example, if a complaint labels a claim fraud but alleges no more than negligent misrepresentation, the two-year statute of limitations for negligent misrepresentation applies rather than the three-year period for fraud. E.g., Ventura Cty. Nat. Bank, 49 Cal. App. 4th at 1530.

Here, plaintiffs allege that JLIS conspired with Liberty and Ohio Casualty, who "knowingly and/or recklessly and without regard for the truth" made misrepresentations that they intended Oak and Lui to rely on. E.g., Compl. ¶¶ 47, 52–53, 65–68. It is undoubtedly possible that a state court would read the conspiracy and fraud causes of action as having "gravamen" of fraud, and consequently apply a three-year statute of limitations.

Defendants argue that the complaint as a whole—considering all of the causes of action together—has a "gravamen" sounding in professional negligence. Rather than identify the gravamen of any particular claim, defendants ask the court to look past the fraud and conspiracy claims and assess the general character of the overall dispute

6

between the parties. Defendants rely primarily on Hydro-Mill Co. for that argument, but there was no fraud claim asserted in that action. That action concerned claims for professional negligence, breach of oral contract, negligent misrepresentation, and breach of fiduciary duty. The Hydro-Mill court assessed the gravamen of each claim independently and determined that each had a gravamen sounding in professional negligence. See Hydro-Mill, 115 Cal. App. 4th at 1153–59.

Here, even though plaintiffs have asserted causes of action based on contract and negligence theories that sound in professional negligence, plaintiffs have also pled a fraud claim and a conspiracy claim based on that alleged fraud, which have three-year statutes of limitations.

Defendants argue that plaintiffs' claims against JLIS accrued by March 1, 2016. Opp. at 13. This action was filed January 11, 2019, within the three-year statute of limitations for fraud and common law conspiracy to commit fraud. Therefore, it is possible that a state court would find that plaintiffs brought their claim against JLIS within the statute of limitations.

### 2. Claim-Splitting

Defendants argue that plaintiffs' professional negligence claims are already pending in San Francisco Superior Court, and California law bars "splitting a single cause of action so as to make it the basis of several suits." Allstate Ins. Co. v. Mel-Rapton, Inc., 77 Cal. App. 4th 901, 907 (2000). Defendants argue that based on California's claim-splitting prohibition, plaintiffs cannot amend their complaint in this action to state claims for professional negligence against JLIS because of the pending claims in state court. Defendants do not argue that claim-splitting principles prohibit plaintiffs from bringing their already-pled claims alleging fraud and conspiracy to commit fraud.

Plaintiffs have alleged a claim against JLIS in this action for conspiracy to commit fraud. Plaintiffs do not need to assert any additional claims against JLIS to overcome defendants' fraudulent joinder arguments. So, defendants' argument that plaintiffs could not amend their complaint to state negligence claims against JLIS under claim-splitting

7

principles—even if true—does not affect this court's analysis of whether JLIS was fraudulently joined.

**CONCLUSION**

For the reasons stated above, the court finds that there is a possibility that a state court would find that the complaint states a cause of action against non-diverse defendant JLIS. As such, JLIS was not fraudulently joined, so the case lacks complete diversity and this court must remand the action because it lacks subject-matter jurisdiction over the case. Given this court's finding that it lacks subject-matter jurisdiction, the court need not reach the question of whether remand is required because the action arises under California's workmen's compensation laws for the purposes of 28 U.S.C. § 1445(c). This action is hereby REMANDED to the Superior Court of California, County of San Francisco.

**IT IS SO ORDERED.**

Dated: May 13, 2019

PHYLLIS J. HAMILTON
United States District Judge